IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH R. VENTRIS,

        Plaintiff,

    v.

AARON D. FELTON, et al.,

        Defendants.

Case No. 1:10-cv-06127-CL

**ORDER**

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation, and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). When either party objects to any portion of a Magistrate Judge's Report and Recommendation, this court reviews that portion of the Magistrate Judge's report de novo. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F. 2d 1309, 1313 (9th Cir. 1981). Here, plaintiff filed objections, so I have reviewed this matter de novo.

1 - ORDER

## BACKGROUND

In 1997, plaintiff was convicted of murder, robbery, and two counts of aggravated murder. The trial court sentenced plaintiff to life imprisonment, with a 30-year minimum. The Oregon Board of Parole and Post-Prison Supervision (the Board) set a "murder review date" of August 22, 2026.

In 1999, plaintiff's convictions for aggravated murder were reversed on appeal. In 2000, plaintiff was sentenced on the convictions for robbery and murder to life imprisonment with a minimum sentence of 25 years under Or. Rev. Stat. § 163.115(5) (1995).

The statutes in effect when plaintiff committed his crimes did not authorize parole for murderers, although it did authorize parole for aggravated murders. This anomaly "had the practical effect of allowing certain prisoners convicted of Aggravated Murder and sentenced to 'life imprisonment' to have a parole hearing after serving 25 years in custody (with no possibility of release until 30 years), whereas non-aggravated murderers with a life sentence had no opportunity for parole despite committing a lesser crime." Allen v. Belleque, 2007 WL 2155803, at *1 (D. Or. July 23, 2007), aff'd, 376 Fed. Appx. 691 (9th 2010). The Oregon Court of Appeals ruled that this disparity violated the Oregon Constitution's proportionality requirement. State v. McLain, 158 Or. App. 419, 423-25, 974 P.2d 727, 729-30 (1999) (en banc). In response to the McLain decision, the Oregon Legislature quickly amended the statute to authorize parole after 25 years'

2 - ORDER

imprisonment for persons convicted of intentional murder. Or. Rev. Stat. § 163.115(5) (1999).

The Board promulgated rules to conform with the amended statute. In plaintiff's case, as in the case of other murderers, the Board issued a Board Action Form retroactively applying the amended statute and setting a "murder review date" of August 22, 2021. Plaintiff alleges that before the Board Action Form was issued, he had a "previously established release date of August 22, 2021."

## DISCUSSION

In this civil rights action under 42 U.S.C. § 1983, plaintiff contends that the retroactive application of Or. Rev. Stat. § 163.115(5) violates his rights under the ex post facto and due process clauses of the Constitution. The Report and Recommendation concludes that defendants' motion to dismiss plaintiff's claims should granted. I agree.

### I. There Is No Violation of the Ex Post Facto Clause

Plaintiff's ex post facto claim fails because he cannot show that retroactive application of the amended statutes has disadvantaged him. See Connor v. Estelle, 981 F.2d 1032, 1034 (9th Cir. 1992). Arguably, the retroactive application actually benefitted plaintiff. See Al-Wadud v. Oregon Board of Parole and Post-Prison Supervision, 2010 WL 4668358, at *4 (D. Or. Nov. 9, 2010) ("petitioner cannot show he was adversely affected by the retroactive application because it allows him an avenue to parole where none existed previously"). At worst, plaintiff is in the

same position he was before the retroactive application of the statute. Just as was true in Allen,

> Life with the possibility of parole after 25 years was the sentence petitioner could expect to face when he committed his crime, and that was precisely the sentence the trial court imposed. More importantly, this is exactly the sentence which currently applies to petitioner following the retroactive application of ORS 163.115(5) (1999) through BAF # 1 in 2003. Accordingly, the Board's actions did not cause petitioner to suffer from increased punishment.

Allen, at *4. Also as in Allen, plaintiff's original sentence did not entitle him to release in 2021. See id. (because the petitioner, unlike the defendant in McLain, did not challenge the constitutionality of Or. Rev. Stat. § 163.115(5) (1995), the petitioner "never had any expectation that he would be automatically released after serving 25 years in prison").

Plaintiff also objects to the Report and Recommendation's determination that Heck v. Humphrey, 512 U.S. 477 (1994), bars his § 1983 claims because the relief he seeks would invalidate his confinement or its duration. Plaintiff argues that "he is not challenging the duration of his confinement," but rather is seeking a hearing under the law in effect when he committed the murder.

Plaintiff cannot validly argue both that there is an ex post facto violation and that Heck does not apply. To show a violation of the ex post facto clause, plaintiff must demonstrate that he has been disadvantaged by the retroactive application of Or. Rev. Stat. § 163.115(5). See Connor, 981 F.2d at 1034. If retroactive application of the amended statute will not affect the duration of

4 - ORDER

plaintiff's confinement, then he cannot show a violation of the ex post facto clause.

## II. There Is No Due Process Violation

I agree with the Report and Recommendation that plaintiff cannot show a procedural due process violation. The Oregon Legislature's enactment of Or. Rev. Stat. § 163.115(5), and the statute's implementation by the Board, were legislative actions that determined generally applicable policy rather than resolving a specific dispute between particular parties. Plaintiff received the process due him through the legislative process itself. See Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir. 1994) ("when the action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law") (citation and quotation marks omitted).

The Board issued a Board Action Form setting plaintiff's murder review date under the amended statutes and regulations. Plaintiff alleges that he sought judicial review of Board's decision, and that he voluntarily dismissed the proceeding. Under these circumstances, plaintiff received all the process due him.

I have carefully considered plaintiff's Objections and conclude there is no reason to modify the Report and Recommendation. I ADOPT the Report and Recommendation.

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#36) is adopted. Defendants' motion to dismiss for failure to state a

5 - ORDER

claim (#10) is granted with prejudice.

IT IS SO ORDERED.

DATED this **30** day of September, 2011.

*/s/ Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE

6 - ORDER